USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06 20, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
WALTER IWACHIW,                                                          :
:
                      Plaintiff,                    :    12 Civ. 3520 (JMF)
:
       -v-                                                              :    MEMORANDUM
:    OPINION AND ORDER
NEW YORK CITY BOARD OF ELECTIONS, *et al.*,                              :
:
                      Defendants.                   :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Walter Iwachiw, proceeding *pro se*, brings this action against New York State, the New York State Board of Elections (together, the "State Defendants"), New York City (the "City"), the New York City Board of Elections (the "City Board"), and the Commissioners of the City Board (the "Commissioners").  Although he makes a wide range of far-fetched and vague conspiratorial allegations, the gravamen of his Amended Complaint appears to be a challenge to the denial of his petition to appear on the ballot in the 2012 primary and general elections for the Fourteenth Congressional District in New York State.

      All Defendants have moved to dismiss the Amended Complaint.  In addition, the State Defendants have moved for sanctions, namely restricting Iwachiw's ability to file future lawsuits against the State and monetary sanctions.  (Docket Nos. 34, 39, 47).  For the reasons discussed below, Defendants' motions to dismiss are granted, and the State Defendants' motion for sanctions is granted in part and denied in part.

## BACKGROUND

      The following facts, drawn from the Amended Complaint, are assumed to be true for

purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). As can best be determined from Plaintiff's confusing and vague allegations, Plaintiff attempted to run for Congress as a member of the Republican Party in the Fourteenth Congressional District in New York State. The City Board of Elections denied his ballot application as deficient, and awarded the Republican Party line to William Gibbons, a member of the Conservative Party. (Am. Compl. 8). Plaintiff challenges this action, purporting to bring claims pursuant to various statutes and constitutional provisions, including the Voting Rights Act, the Americans with Disabilities Act (the "ADA"), the Racketeer Influenced and Corrupt Organizations ("RICO") Act, as well as the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution. (*Id.* 1-3, 5, 8-9). Liberally construed, Plaintiff's Amended Complaint appears also to include a facial challenge to New York's "Wilson-Pakula" law, which allows a candidate to run for office on a party's ballot line even if he or she is not a member of that political party. (*Id*. 8).

## DEFENDANTS' MOTIONS TO DISMISS

### A. Legal Standards

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). To survive a Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

U.S. at 556).  More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant acted unlawfully." *Id.*

Even under the heightened pleading standards set by *Iqbal* and *Twombly*, a court is "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, when considering *pro se* submissions, a court must interpret them "to raise the strongest arguments that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks omitted).  Nevertheless, "to survive a motion to dismiss, a *pro se* plaintiff must still plead sufficient facts to state a claim that is plausible on its face." *Bodley v. Clark*, No. 11 Civ. 8955 (KBF), 2012 WL 3042175, at *2 (S.D.N.Y. July 23, 2012); *see also, e.g.*, *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) ("[P]*ro se* complaints must contain sufficient factual allegations to meet the plausibility standard.").

**B.  Analysis**

At the outset, the Court notes that to the extent that Plaintiff's claims and the relief he seeks are directed to the conduct of the November 2012 elections (*see, e.g.*, Prayer ¶ 1), such claims and relief are plainly moot.  Plaintiff's claims and prayers for relief go beyond the 2012 elections, however, as he seeks a special election (*see* Am. Compl. 2), and brings challenges to, among other things, New York State election law and the New York State Unified Court System.  As to these claims and prayers for relief, which are not moot, the State Defendants have moved to dismiss pursuant to Rules 12(b)(1) and (b)(6), on grounds of sovereign immunity and failure to state a claim,[1] and the City, the City Board, and the Commissioners have moved to dismiss

---

[1]   The Court notes that there is some question whether Eleventh Amendment immunity relates to subject matter jurisdiction, in which case it should be raised pursuant to a Rule 12(b)(1) motion, or to the legal sufficiency of a complaint, in which case it should be raised pursuant to a Rule 12(b)(6) motion. *See McMillan v. N.Y. State Bd. of Elections*, No. 10 Civ. 2502 (JG)

pursuant to Rule 12(b)(6).

These motions must be granted.  First, insofar as Plaintiff has alleged any facts at all to support his ADA, RICO, and Voting Rights Act claims, they are entirely conclusory.  Thus, to the extent that the Amended Complaint alleges claims under these statutes, they are dismissed as to all Defendants for failure to state a claim.  *See, e.g.*, *Twombly*, 550 U.S. at 555 (noting that a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do").  Additionally, Plaintiff makes no discernible allegations whatsoever against the City (as opposed to the City Board, which is a separate legal entity), so his claims against the City must be dismissed.

Next, Plaintiff's constitutional claims against the State Defendants are plainly barred by the Eleventh Amendment, as New York State has not consented to lawsuits involving candidates for public office.  *See, e.g.*, *McMillan*, 2010 WL 4065434, at *3 (dismissing an action against the State Board of Elections pursuant to the Eleventh Amendment).  In fact, in this regard, Plaintiff's claims are indistinguishable from claims that he has previously brought against the State and state officials, with no success.  *See Iwachiw v. N.Y.S. Dep't of Motor Vehicles,* 299 F. Supp.2d 117, 121 (E.D.N.Y. 2004), *aff'd,* 396 F.3d 525 (2d Cir. 2005); *Iwachiw v. N.Y.C. Bd. of Elections,* 217 F. Supp.2d 374, 379-80 (E.D.N.Y. 2002), *aff'd,*126 F. App'x 27 (2d Cir. Mar. 17, 2005).  Accordingly, Plaintiff's constitutional claims against the State Defendants — all of his remaining claims against them — are dismissed.

Plaintiff's remaining constitutional claims against the City Board and the Commissioners appear to stem from his allegation that the City Board allowed other candidates to appear on the

---

(VVP), 2010 WL 4065434, at*3 (E.D.N.Y. Oct. 15, 2010) *aff'd*, 449 F. App'x 79 (2d Cir. 2011). As was the case in *McMillan*, the distinction is immaterial for present purposes, as the Court has relied solely on the Amended Complaint and not on any additional evidence.

4

ballot in the Fourteenth District even though they had failed to obtain the requisite number of signatures.  (Am. Compl. 8).  These claims are best interpreted to allege violation of Iwachiw's procedural due process rights.  The Second Circuit, however, has squarely held that the City Board's process, in combination with the availability of a post-deprivation remedy under Article 16 of the New York State Election Law, satisfies the requirements of the Due Process Clause.  *See Rivera-Powell v. N.Y.C. Bd. of Elections,* 470 F.3d 458, 468 (2d Cir. 2006).  Where, as here, a plaintiff fails to utilize the available post-deprivation remedy, he may not bring a claim for a procedural due process violation.  *See id.* at 467 n.9 ("Where a state law remedy gives a party a meaningful opportunity to challenge the state's action, he is not deprived of due process simply because he failed to avail himself of the opportunity." (internal quotation marks and brackets omitted)).

   Finally, as noted, Plaintiff's Amended Complaint appears to include a facial challenge to the constitutionality of the Wilson-Pakula law, which allows a political party to nominate a candidate who is not registered as a member of that party.  (*See* Am. Compl. 8).  That law is plainly constitutional, however, as the Supreme Court has held that a political party enjoys protected associational rights to nominate candidates from within or outside of the party.  *See Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 215 (1986) ("Were the State to . . . provide that only Party members might be selected as the Party's chosen nominees for public office, such a prohibition of potential association with nonmembers would clearly infringe upon the rights of the Party's members under the First Amendment to organize with like-minded citizens in support of common political goals."); *see also N.Y.S. Bd. of Elections v. Lopez Torres*, 552 U.S. 196, 202 (2006) (citation omitted) ("A political party has a First Amendment right to . . . choose a

candidate-selection process that will in its view produce the nominee who best represents its political platform.").

Accordingly, all of Plaintiff's claims must be dismissed in their entirety.

## STATE DEFENDANTS' MOTION FOR SANCTIONS

By separate motion, the State Defendants move for sanctions against Plaintiff, in the form of an injunction barring him from "filing any further lawsuits against any State entities, State agencies, and State officials without prior permission from the Court" and monetary sanctions, "including attorney's fees and costs in defense of this action, that the court considers appropriate." (State Defs.' Mem. Supp. Mot. Sanctions 1).

If a party "has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)). As the Second Circuit has summarized — in a case involving Plaintiff himself, no less — five factors govern whether a court should restrict a litigant's future access to the courts:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (internal quotation marks omitted). Here, Plaintiff is obviously proceeding *pro se*, so the third factor calls for leniency. The other factors, however, strongly support granting an injunction.

First, Plaintiff's history of "vexatious, harassing or duplicative lawsuits" is well documented in the State Defendants' memorandum. (*See* State Defs.' Mem. Supp. Mot.

6

Sanctions 7-8). In fact, the Second Circuit itself has "taken judicial notice" that several of Plaintiff's "prior appeals were dismissed . . . for frivolousness, failure to comply with the rules or orders of [the] Court, or lack of appellate jurisdiction." *Iwachiw*, 396 F.3d at 529 (internal quotation marks omitted). Moreover, Plaintiff has also been barred from filing further lawsuits in the Eastern District of New York, a decision affirmed by the Second Circuit. *See id.* at 528-29 (describing and affirming injunction). Second, Plaintiff could not have had an objective good faith expectation of prevailing in his lawsuit against the State Defendants, as he has been repeatedly informed that such defendants are immune from suit pursuant to the Eleventh Amendment, and has failed to allege any facts in support of his other claims. *See Iwachiw*, 299 F. Supp.2d at 121; *Iwachiw*, 217 F. Supp.2d at 379-80. Third, without doubt, Plaintiff has caused needless expense to other parties and posed an unnecessary burden on the courts. In fact, by the State Defendants' count, Plaintiff filed *thirty-eight* lawsuits prior to this one and failed to succeed in even one. (State Defs.' Mem. Supp. Mot. Sanctions 8). Finally, given Plaintiff's litigation history, there is no other sanction that would be adequate to protect the courts and other parties.

    For these reasons, the Court concludes that an injunction restricting Plaintiff's access to the courts is warranted. The scope of such an injunction is a separate question, however. The State Defendants seek a broad injunction barring Plaintiff from filing any lawsuit against the State, its agencies, its entities, or its officials without prior court permission. On its face, such an injunction would apply not just in this District, but to any court. In affirming the injunction in the Eastern District of New York, which restricted Plaintiff's ability to file lawsuits there, however, the Second Circuit relied in part upon the fact that "[t]he District Court's injunction [was] measured" and that "it [did] not extend to filings in other federal district courts or the New

7

York state courts." *Iwachiw*, 396 F.3d at 529. This Court finds such a limitation appropriate and in line with well-established notions of judicial restraint. Accordingly, the Court hereby enjoins Plaintiff from filing further lawsuits *in this District* against the State, its agencies, its entities, or its officials without prior court permission; for now, it leaves the decision to restrict Plaintiff's access to all other courts to those courts themselves. As Plaintiff may seek permission from the Court to file claims, this injunction "ensures that plaintiff's ability to pursue meritorious claims is not foreclosed." *Iwachiw*, 396 F.3d at 529.

In light of this injunctive sanction, the Court declines to order Iwachiw to pay a monetary sanction at this time. Accordingly, the State Defendants' motion is denied to the extent it seeks a monetary sanction.

## CONCLUSION

For the reasons discussed above, the State Defendants' motion for sanctions is granted in part and denied in part. The Court hereby enjoins Plaintiff from filing further lawsuits in this District against the State, its agencies, its entities, or its officials without prior court permission, but declines to extend that injunction beyond this District or to impose monetary sanctions.

Furthermore, all Defendants' motions to dismiss are granted. The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff and to close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 20, 2013
      New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge